IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:23-CR-071-Z (2) |
| JADE MARIE BURGESS (2) | |

## FACTUAL RESUME

In support of Jade Marie Burgess's plea of guilty to the offense in Count Six of the Indictment, Burgess, the defendant, Charles Vallhonrat, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Six of the Indictment, charging a violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), that is, False Material Statement During the Purchase of a Firearm, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant made a false or fictitious oral or written statement;

*Second.*   That the defendant knew the statement was false;

*Third.*   That the statement was made in connection with the acquisition of a firearm or ammunition from a licensed firearm or ammunitions dealer;

*Fourth.*   That the statement was intended or was likely to deceive a licensed firearm or ammunitions dealer; and

---

[1] Fifth Circuit Pattern Jury Instruction 2.43B (5th Cir. 2019).

**Jade Marie Burgess**
**Factual Resume—Page 1**

> *Fifth.* That the alleged false statement was material to the lawfulness of the sale or disposition of the firearm or ammunition.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

A statement is "false or fictitious" if it was untrue when made and was then known to be untrue by the person making it.

A false statement is "likely to deceive" if the nature of the statement, considering all of the surrounding circumstances at the time it is made, is such that a reasonable person of ordinary prudence would have been actually deceived or misled.

## STIPULATED FACTS

1. Jade Marie Burgess, defendant, admits that on or about June 18, 2023, in the Amarillo Division of the Northern District of Texas, and elsewhere, in connection with the acquisition or attempted acquisition of a firearm, that is, a FNH USA, Model Five-Seven, 5.7x28 caliber semi-automatic pistol, bearing serial number 386441532, from Academy Sports + Outdoors #71, 4400 Soncy Road, Amarillo, Texas, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, she did knowingly make a false or fictitious written statement to Academy Sports + Outdoors, which statement was intended or likely to deceive Academy Sports + Outdoors, as to a fact material to the lawfulness of such sale or acquisition of said firearm under Chapter 44, Title 18, United States Code, in that defendant executed a Department

of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives, Form 4473 Firearm Transaction Record, to the effect that she was the actual transferee or buyer of the firearm, when in truth and in fact, as the defendant then knew, she was not the actual transferee or buyer of the firearm. In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

2. In the spring of 2023, a Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) agent received information that Gabriel Michael Rendon was selling firearms, machinegun conversion devices (MCDs) and controlled substances from his residence. The agents also learned that Rendon was associated with several other people, including his wife, Jade Marie Burgess. The agent then learned that Burgess had several Multiple Sales Reports (Form 4473s) spanning a two-year period. ATF agents conducted surveillance on several occasions at Rendon and Burgess's residence located at 14101 South Western Street in Amarillo, Texas. During periods of surveillance, agents observed many visitors to the residence who only stayed short periods of time. Rendon usually exited the residence to speak to the visitors. Based on their training and experience, agents believed these interactions to be hand-to-hand transactions of firearms or controlled substances.

3. While investigating Burgess's firearm purchasing habits, agents received ten Form 4473s from Academy Sports + Outdoors, located at 4400 Soncy Road in Amarillo, Texas. Academy Sports + Outdoors also provided video footage and a receipt from Burgess's purchase of a FNH USA, Model Five-Seven, 5.7x28 caliber semi-automatic pistol, bearing serial number 386441532 on June 18, 2023. The agents

reviewed the video and observed Burgess and Rendon shopping at Academy Sports + Outdoors. After they selected a firearm from the display case, the Academy employee handed the firearm to Rendon. Rendon then gave the firearm to Burgess, who purchased the firearm.

4. On July 25, 2023, ATF agents were conducting surveillance on Rendon and Burgess's residence. When a vehicle left the residence after a short time there, consistent with the agents' observations of suspected hand-to-hand transactions, an Amarillo Police Department (APD) officer initiated a traffic stop on the vehicle and identified the driver as M.P. The officer noted the odor of marihuana coming from the vehicle and asked M.P. if there was any marihuana in the vehicle. M.P. admitted that there was marihuana and a firearm in the vehicle.

5. The APD officer took M.P. to APD for an interview. He read M.P. his *Miranda* warnings and M.P. agreed to be interviewed. M.P. allowed officers to look in his phone, where they located a Facebook video message from Rendon to M.P. The video showed another of Rendon's associates, A.J. firing an AR-style rifle equipped with a MCD, making the firearm fully automatic. M.P. also admitted that he has purchased firearms from Rendon at his residence on several occasions. M.P. was released from custody pending further investigation.

6. After M.P. was released from custody, ATF agents conducted surveillance on Rendon and Burgess's residence. They observed Rendon exit the residence with a black trash bag, several duffel bags, and a yellow and black tote. An ATF agent followed Rendon to the area of Southeast 14th and Eastern Street in Amarillo, Texas. Based on the

investigation, the agent knew this area was very close to A.J.'s residence. The agent also knew that A.J. visits Rendon and Burgess's residence several times per week. Agents have observed A.J. leaving with large bags on several occasions.

7. On July 26, 2023, ATF agents executed a search warrant for Rendon and Burgess's residence at 14101 S. Western, Amarillo, Texas. During the execution of the search warrant, officers located the following items:

   a. 23 firearms of various makes and calibers;

   b. approximately 12,000 rounds of ammunition;

   c. $2,530 in U.S. currency;

   d. body armor;

   e. firearm accessories, including high-capacity magazines;

   f. firearms manufacturing jigs, cut outs, and other equipment; and

   g. various amounts of suspected psilocybin mushrooms, promethazine, THC products, and a large amount of suspected marihuana.

At that time, Rendon, who had been previously convicted of a felony offense in Arkansas, was arrested for being a convicted felon in possession of firearms.

8. While ATF agents were executing the search warrant at the Rendon/Burgess residence, APD officers received permission from A.J. to search his residence. A.J. admitted that Rendon brought many items to store in A.J.'s residence the previous night. Officers located the trash bag, duffel bags, and tote they observed Rendon moving on July 25, 2023. Inside these containers, officers located a privately

made firearm, or "ghost gun", 34 MCDs, a large amount of marihuana and THC products, and a baggie containing approximately 82 grams of suspected cocaine.

9. An APD officer read Rendon his *Miranda* warnings and he agreed to be interviewed. Rendon admitted that the items of contraband located at A.J.'s residence belonged to him. Rendon admitted that he took the items in trash bags, duffel bags, and a plastic tote to A.J.'s residence after his associate was questioned by law enforcement on July 25, 2023. Rendon admitted that he manufactured and sold weapon parts to make firearms function as fully automatic. Rendon also admitted to selling MCDs and marihuana in the year prior to his arrest.

10. An ATF agent later read Burgess her *Miranda* warnings and she agreed to be interviewed. Burgess admitted that she and Rendon sold marihuana, mushrooms, and THC products out of their residence several times a day for a few months prior to the execution of the search warrant. Burgess told the ATF agent that she observed Rendon sell firearms out of their residence. Burgess admitted that, because Rendon is a felon, she purchased firearms for him. Burgess also admitted that if the firearms she purchased were not in the residence, it was because Rendon took them. Burgess told the agent that Rendon regularly carried a firearm and she last saw him with the firearm the same day. Burgess also admitted that the last firearm she purchased was the FNH USA, Model Five-Seven, 5.7x28 caliber semi-automatic pistol, bearing serial number 386441532 on June 18, 2023 from Academy Sports + Outdoors.

11. On August 6, 2023, ATF agents were reviewing surveillance videos and observed that Rendon loaded more bags and rifle cases into his vehicle before the trip to

A.J.'s residence. Rendon was only away from the residence for a few minutes, so agents believed that he may have taken items to his mother's residence at 14701 South Western, Amarillo, Texas. Agents met with Rendon's mother, who gave the agents consent to search a van on her property. Inside the van, agents located the bags they observed Rendon moving in the surveillance video. Agents located an additional 54 firearms, a stolen firearm suppressor, and more rounds of ammunition in the van. The FNH USA, Model Five-Seven, 5.7x28 caliber semi-automatic pistol, bearing serial number 386441532, purchased on June 18, 2023 from Academy Sports + Outdoors was located in the van.

12.  According to an ATF Firearm Trace Report, the FNH USA, Model Five-Seven, 5.7x28 caliber semi-automatic pistol, bearing serial number 386441532, was manufactured in Belgium before being imported in Florida and purchased in Texas, and therefore, must have traveled in or affected interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country if that firearm was found in Texas on August 6, 2023.

13.  Burgess admits that she made a false or fictitious written statement, that is, that she was the actual purchaser of a FNH USA, Model Five-Seven, 5.7x28 caliber semi-automatic pistol, bearing serial number 386441532. Burgess admits that she knew this statement was false or fictitious at the time because, as she then and there well knew, she was not the actual transferee or buyer of the firearm. Burgess admits that the statement was made in connection with the acquisition of a firearm from Academy Sports

+ Outdoors, an FFL. Burgess admits that the statement was intended or was likely to deceive Academy Sports + Outdoors, an FFL. Burgess admits that the alleged false statement was material to the lawfulness of the sale or disposition of the FNH USA, Model Five-Seven, 5.7x28 caliber semi-automatic pistol, bearing serial number 386441532. That is, the statement was material because the licensed firearms dealer must perform a background check on the actual transferee or buyer of the firearm. By Burgess falsely stating that she was the actual transferee or buyer of the firearm, the licensed firearm dealer could not perform a background check on the true transferee or buyer of the firearm.

14.     Burgess agrees that she committed all the essential elements of the offense alleged in Count Six of the Indictment. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Six of the Indictment.

15.     The defendant further admits that she possessed the above-described firearm(s) in violation of 18 U.S.C. § 922(a)(6) and they are therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

AGREED TO AND STIPULATED on this 5th day of December, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____  
JADE MARIE BURGESS  
Defendant

_____  
MEREDITH PINKHAM  Joshua Frausto  
Assistant United States Attorney  
Texas Bar No. ~~24073429~~ 24074228  
500 S. Taylor, Suite 300  
Amarillo, Texas 79101  
Tel:  806-324-2356  
Fax:  806-324-2399  
Email: ~~meredith.pinkham@usdoj.gov~~

_____  
CHARLES VALLHONRAT  
Attorney for Defendant